Attorney General William S. Excuse me. May it please the court. My name is Sally W. Gladney. Thomas Redding and I represent the um the appellants in this case also referred to as the taxpayers and the partners. All right as I mentioned keep your theater voice up so that uh yes your tape will get in so we can hear you as well. These appeals address whether the district court erred by denying its refund jurisdiction. That denial allowed the government to renege on judicial admissions that the IRS made to induce the taxpayers to settle tougher partnership level tax court suits. The tax courts are excuse me the taxpayers argued first then imposing 7422 h's jurisdictional bar violated this court's holding in Duffy as clarified by turbine. Second that their claims were filed under 7422a. I hate to keep interrupting you. Yes sir. You're going really fast. Oh okay sir. Um second that their claims were filed under 7422a and therefore could never be subject to 6230c's six-month claim filing deadline. And third that the taxpayers are entitled to judgment as a matter of law. The taxpayers seek only to enforce the settlement terms that the IRS solicited and agreed to. 7422 h cannot bar jurisdiction of these taxpayers claims. 28 USC 1340 and 1346 gave the district court refund jurisdiction. 7422 h bars that jurisdiction for refunds attributable to partnership items as defined in 6231a3 but not for refunds attributable to affected items as a5. Any item with partnership item elements and non-partnership item elements is an affected item. Assessment deadlines are affected items because they always have 6501 non-partnership item elements and may have 6229 partnership item elements. Excuse me are you just reading your brief because we've heard your brief. Oh I'm just restating yes ma'am um your honor. It's hard to follow if you're reading because your voice is down and um judge ho has to listen to these I'm just my memory is not. Just argue to us I mean we read it. Well it's what we're dealing with here. I'll stop you again but you know just reading just doesn't help us. I mean you know the case just argue to us. There have been a number of Amcorp cases before this court Weiner, Irvine, Rogers but there are two different kinds of settlements in the Amcorp cases. When the partnership level litigation was going on about half the partners signed off on individual what are called forms 870 P.A.D. and they dropped out of those proceedings. They were subject to the terms of their individual settlements. The partners who did not drop out were subject to what happened at the end of the tax court cases. Those were separate settlements. They have different terms than the other settlements that they were looking at in Weiner and Irvine and Rogers. In Weiner and Irvine and Rogers the court went in and examined well the court went in and said that those partnership or those settlements did not resolve all of those taxpayers partnership items with regard to their assessment deadlines and since those partnership item elements were not resolved 7422H barred jurisdiction of those claims because district courts have no jurisdiction to make those individual element determinations partnership item elements in a district court. They just don't have jurisdiction to do that. That was supposed to have been resolved either by the settlement or in the partnership of the tax court suit. Duffy on the other hand was a case here in the fifth circuit where it did examine and it's the only one so far that has actually given a written opinion on an examination of what happened when the partnership level suits were terminated. Up there there was a settlement Duffy looked at it and said that all of those partners partnership items were resolved and therefore 7422H can never bar jurisdiction for the district courts to go in and determine what those resolutions were and to enforce those resolutions. Here we are looking at a limitations claim which is the same basis for refund that was looked at in Weiner and Irvine and Rogers but we're looking at it in a context of how it was handled by the partnership level that settlement resolved all of those partnership items therefore under Duffy because all the elements were resolved 7422H can never bar jurisdiction for the refund claim to enforce those elements and let's see um at the partnership level what the IRS did okay the tax matters partner and the IRS were the ones who negotiated that settlement then once they came to terms it was presented to the partners including the taxpayers here as a take it or leave it settlement but the tax matters partner or the TMP had no authority to bind any other partner that's a misnomer there's a common misconception out there that the TMP can do this and he can't um but he had no authority to bind the other partners so in order for the decision to go through the um the IRS had to get the permission of all of the partners in order for them to not oppose the entry of that decision that's what they did they solicited the settlement from the partners including the taxpayers here and what they did was to make at least five judicial admissions saying that if the partners would agree to entry of these decisions then the only partnership item elements that would the only adjustments to their partnership items would be those on the face of the actual decision and no other issue that the IRS judicially admitted in the joint status report was that the settlement will conclusively determine all controversies arising from the events and in their in the motions to dismiss they said that the parties had reached contingent agreement with respect to all of the disputed partnership items in issue and in attachment c let me just ask you a question yes sir you're bent on reading all that to us and i'm just telling you it's tough to follow so i'll ask you a question the district court held that it lacked jurisdiction because these claims were time-barred because they really were attributable to the partnership i mean that's that's kind of straight up so um no your honor i'm that's incorrect what they said was that okay there are two different things there are computational adjustments and then there are assessments they're not the same thing the court conflated those they said that we were challenged to challenging the computational adjustments we're not we never have we when that when our clients ultimately get their refund back the computational adjustment will still be there it will still be on their irs tax tax records and the irs can still go forward and collect those amounts in any manner it's legally entitled to do but it was not legally entitled to collect by assessment for example it can use offset what the court below did was to say that anytime you challenge the assessment that's automatically a challenge to the computational adjustment and therefore you're subject to the six-month claim filing deadline that's not what's happening here the whether or not a claim is filed under 7422a or 6230c1a is determined by the grounds that the partner asserts our part our people asserted that the irs illegally assessed after limitations 60 7422a is where that ground for refund is authorized it says that the the partners are taxpayers can file refund claims um to recover any illegally or erroneously or illegally assessed or collected amount would that need to be in the tax court or the district court um for a refund it would be in the district court sure i'm i'm sorry what was the question i'm what was the question again where would that lawsuit be where the suit for the refund would that it would be in either federal district court or the claims court not the tax court no ma'am deficiency um suits go to the tax court before they pay but um part of tefra tefra was intended to partially relieve the irs's administrative burden by depriving some partners of some of their due process rights there's no goal of uniformity there perspect put a state through the heart of that myth but um i'm sorry i've lost my place in a refund suit when when oh it's deficiency notices um if a if a taxpayer receives a deficiency notice and their right to a deficiency notice is not sufficient they have to actually get it then they can go to the tax court before they have to pay otherwise they have to pay and that's in federal district court of the claims court um what duffy did was to go in and look at what happens when these when partners like the taxpayers here try to bring forth a suit where all of their um their partnership item elements were resolved and duffy is very clear and irvine reinforced this later on in the second half of the irvine opinion saying that the district court in the district court 74 22 h can never bar jurisdiction for the district court to go in and determine whether or not the partnership item elements were previously resolved and if they were then to enforce those outcomes that's what we're trying to get to here the court um court below said that 74 22 h bars jurisdiction of all limitations base claims all challenges to an assessment deadline irvine's already looked at that and said no that's not what duffy said and where the elements were resolved um duffy controls as to that six-month filing deadline the language of tefra is obtuse to say the least and there's a bad habit for everybody courts and practitioners and government and everybody to run these this language together partnership items computational adjustments and assessments are not the same thing they happen in a particular order we have never challenged any computational adjustments when those go back on the clients on our taxpayers records they will be in the same amounts interest will be more but they'll go back on the accounts and again the irs will be able to collect those amounts by offset or any other method they're legally entitled to use the only our people have challenged is assessments because they only challenge the assessment that's a claim filed under 74 22a which means that the six-month filing deadline can never apply to their claims because it only applies to claims filed under 62 30 c1a where you are directly challenging an irs erroneous computation of a computational adjustment um the taxpayers no full welder there's no equity in tax law they're not duree funds because the assessments were unfair the duree funds because the assessments were illegal the taxpayers assert that the relevant statute the relevant tax court rules and the settlement documents mean what they say one of the things that the government has argued is that these taxpayers are bound to an interlocutory opinion called agri-cal they would have been or they could have been if the ultimate decision had either referenced agri-cal or if the irs had not judicially admitted that they would not be bound to agri-cal agri-cal was in the actual line of progression for the tax court since only in the agri-venture fund case here with regard to appellant rock otherwise the irs is trying to bind the taxpayers to agri-cal by um um interlocutory stipulations that were signed by the the tax matters partner but the tax matters partner had no authority to bind um any other partner than himself he just doesn't have that authority um and therefore none of these taxpayers are bound to agri-cal one of the ways that you can see that is by looking at duffy because duffy like i said is the only case before the fifth circuit that has looked at what happens at the partnership level duffy doesn't even reference agri-cal they look only at the three documents that the duffy holds constitute the settlement at the partnership level those are the motions for entry of decision the attachment c to those motions which duffy calls the agreement and the terms on the decision itself there are there's nothing on the face of that decision that can extend any partner's assessment deadline all it says is that the the assessments are not barred by the provisions of 6229 well rowan polling was issued a couple of months before that and um the irs attorneys were not incompetent they knew perfectly well that they had one rowan polling and under rowan polling 6229 was no longer statute of limitations that could bar assessments the only statute of limitations that could bar assessments is 6501 the decisions do not agree that the the um the assessment deadlines are extended by 6229 they don't agree that they're issued timely for purposes of 6229d there's nothing in there that could extend any partner's assessment deadline and all those assessment deadlines had had expired for the f pause or the tax forces were ever filed in order for the irs to validly assess there had to have been a partnership level determination of something that would revive and extend that deadline and it's not there what we are what the taxpayers are trying to do is simply obtain the terms that the irs solicited and agreed to and i will save i will i will address the rest on anything on reply all right thank you you so good morning your honor may it please the court my name is bethany hauser and i represent the united states this is not excuse me this is not the first time this case this court has addressed the issue of whether a partner in an individual partner level refund suit can raise the 6229 period this court addressed that issue first 15 years ago in the weiner case and held that the partner could not raise it in the individual partner level suit court reaffirmed weiner six years ago in irvine and reaffirmed irvine three years ago in rogers where would they raise the 6229 period in this case was litigated in the agrica in the partnership level proceeding what tefra does fundamentally is divide is take partnership items and create a partnership level proceeding in which all of those items can be resolved in one place as they apply to all partners district court or tax court in fact tefra allows the taxpayers to choose i believe in this case they all went to tax court i believe to go to district court you need to make an additional deposit so many people choose to go to tax court but i do believe they can elect to go to district court as well or either one so either one yeah okay if i understand it correctly and i may not the first line of argument against the judgment below is to say that the district court conflated their claims that they were challenging assessments and not computation that the district court got it wrong now they may be saying more than that but that's at least part of what i thought they were arguing in the brief i think that is part of what they're arguing and and i think it misunderstands what the district court did i think the district court looked at the 60 to 36 month statute as an alternative argument and meaning that it didn't necessarily need to reach it after it decided the 7422 h argument if you look at the kercher opinion that this court decided at the same time as irvine it is an unpublished decision but it's on all fours with this case the court it's kercher k-e-r-c-h-e-r it was an unpublished decision but it was decided at the same time and by the same panel as the irvine case and yes it is in my yes um and it actually simply references the irvine case for its analysis of the of this 6229 statute of limitations issue at the end of the kercher opinion the kercher court did address the six-month statute with respect to an issue that was raised by one of the partners in that case i don't see an analogous issue in this case it looks to me like the district court like this issue the 6236 month issue was raised and decided in the district court out of an abundance of caution in case any such issue existed but this case could be decided on the basis of the 7422 h bar and the winer issue without reaching the 6236 month currently um this case as the partners have pointed out this case is procedurally distinct from weiner irvine and rogers because in those cases the partners settled individually with the irs while the partnership level proceeding was pending whereas in this case the partners remained part of that partnership proceeding until it concluded that uh there are some other courts that have addressed the 6229 issue in the context of a partnership of partners who remained in the case until the end of the partnership proceeding those include keener and pratty in the i'm sorry not pratty not keener in pratty there's another partner named deegan the deegans remained in the partnership proceeding until the end so deegan is on all fours with this case that's in the federal circuit and the acute care case in the seventh circuit also the partners remained in the case until the end and that's also the case um with this court's opinion in duffy the only reason duffy doesn't govern here is that when the government started to argue that weiner controlled the partners and duffy actually withdrew the issue and in its opinion that just allowing them to do that the district court said that the government was right that weiner controlled and then this court adopted that district court opinion as its own that the other case is the kercher case i've already mentioned it's an unpublished decision so of course it doesn't control but the panel in that case which also decided irvine thought that they could be decided on the same basis so all of those cases all those courts have looked at this in the in this slightly distinct procedural context and said that the weiner reasoning controls even though the procedural context is slightly distinct the partners in this case are trying to argue for a special alternative framework established by duffy as i've just described i think the history of duffy itself shows that that's not the holding of that case because this issue was raised and then conceded in duffy it's also belied by kercher where the panel decided the this 6229 issue on the basis of duffy and decided the um sorry the 6229 issue was decided on the basis of the irvine weiner line of cases and the other issue in that case a 6621 c interest issue which is hopefully not an interest that issue here uh on the basis of the duffy case the um partners here have also tried to make a a great deal of the terms the particular terms of the tax court decision in this case really perhaps one of the reasons all the other courts are fairly simply coming to the decision that this that the procedural distinction is of no significance is because this limitations issue was tried on the merits to the tax court in the agra cal case and while it is technically true that that opinion is not part of the tax court decision it still colors the situation the partners had the opportunity to try that issue it was tried and it was decided on the merits and in fact in the irvine opinion is quite clear about this the partnership level the irvine opinion cites that agra cal trial result then admits that it doesn't bind the partners because they settled separately so they're not bound by the result of the partnership proceeding but nevertheless feels it's somewhat persuasive in concluding that there's no there's no reason not to bind the um all of the partners to the result on that trial in the tax court um and the really it goes back to weiner which held made the initial decision that has persuaded all of these other courts as well as all these other cases in this court which looked at the practical realities of the situation and the practical reality is that the fpa is the basis for the entire partnership proceeding and so of course challenges to the fpa should be heard in that partnership proceeding and not heard piecemeal and repetitively in subsequent partner level proceedings um i would like to also point out that i believe the partnership that the rock was in was one of the partnerships that went to trial in agra cal and not just one that stipulated to be bound by that result the tax matters partner in a partnership proceeding does have authority to make litigating decisions although the other partners may choose to intervene partners here did not intervene they have complained partners in other cases have also complained that they did not receive notice from the government for everything partners who are sufficiently small partners of sufficiently large partnerships are not required to get notice from the government directly under certain circumstances they are to get notice from the tax matters partner and their recourse is under partnership law and the agreement of the parties finally i'd just like to caution the court that about the term assessments which has seemed to come up so much this morning an assessment is the irs's bookkeeping notation showing the amount due so if an assessment cannot be made that means that no tax will be made that that is i could cite you the supreme court case if i had known it would have come up but it's the assessment is just the bookkeeping notation on the irs's ledger um if we uh agree with the government's position on the 7422h issue do we need to reach those other issues the 6230c issue no your honor i don't believe you do all right if there are no questions i will ask you to affirm the decision of the district thank you all right back to you miss gladney for rebel the duffies initially did have a statute of limitations claim in their case they dropped it because they were going to pursue only the penalty interest claim that was before cur spec cur spec changed the landscape under cur spec before cur spec wiener 14 times referred to a 6229 statute of limitations in cur spec fifth circuit adopted the um the tax court's holding and rolling polling that 6229 is not a statute of limitations only 6501 is the statute of limitations the and cur spec specifically said twice that those 14 references in wiener were nothing but mere dicta the landscape changed there's no valid reason to rely on the um the fact that the duffies chose to dismiss their statute of limitations claim had it been after cur spec they would not um the difference between pratty and and the fifth circuit is that cur spec exists in pratty and deegan the fits the federal circuit said that 6501 itself is a partnership item that cannot be the holding down here until cur spec is overturned on bonk cur spec is very clear 6229 is not a statute of limitations that can bar assessments in the end it comes down to in a partnership level suit are the parties able to settle that suit on terms that they agree on without regard to anything that went for went before yes they can and they agreed that agri-cal would not be part of that decision and would not be part of that settlement duffy looked at this and decided that the what documents actually do constitute the settlement of the partnership level suits and did not include agri-cal in there the tmp has no authority to bind those any partner other than himself to agri-cal without those partners written consent that's not how this works the parties to the proceeding are stipulated in 6226 a and b and because one of the things that the government says in its brief is that the tmp agreed on behalf of the partnership no partnership has ever been a party to a tefra partnership level proceeding in the history of tefra 6226 a and b control who can file a petition the partnership is not listed 6226 c and d control who can be a party the partnership is not listed 62 sorry rule 240d says the partnership name has to be in the style of the proceeding that does not make it a partner or a party that particular falsehood is so offensive that tefra statutory scheme to tefra statutory scheme that the irs has specifically instructed its attorneys not to say it no tmp has ever agreed to anything on behalf of the partnership because tmp's do not represent the partnership again the irs tells its attorneys not to say that those particular chief counsel memorandums are in our statutory addendum the whole reason that the irs had to allow the taxpayers the opportunity to object and to bind the other partners to that was because the irs had no authority as tmp or as petitioner to bind those partners to that settlement 6226 c expressly reserves the right of participation and representation to the individual partners 6224 b states that no partner can be deprived of those rights without his written consent tmp has no authority funny how the government never cites to any authority for the tmp to do that it just seems like he ought to be able to well he can't or he does and people just let him get away with it but the irs has issued chief counsel memorandums saying at least inform telling its attorneys not to say that because it causes so much confusion sorry the terms on which these partners agreed to settle the terms on which the irs induced their settlement did not include anything that could extend their statute of limitations it did not include any um inclusion of um of agri-cal it's just not there and they had the ability to settle on terms that did not include agri-cal these things are extremely technical are we relying on a technicality of course we are that's what the tax code is so is the government that's what the six-month deadline is it's nothing but a technicality the question is do those technicalities exist when they only benefit the government or they do they exist to both parties after agri-cal was issued tmp barons and the irs agreed to settle on terms that did not include agri-cal in terms that after rolling polling could never revive the taxpayers expired assessment periods that's what the irs judicially admitted at least five times to induce the taxpayers to also accept those settlements all the taxpayers want are the terms that the irs solicited and agreed to the government seeks to renege on the irs's agreements by arguing the refund courts have no jurisdiction to enforce them the district court's denial of jurisdiction must be reversed because neither 6230c nor 7422h could deprive the district court of its existing refund jurisdiction and the evidence proves the taxpayers are entitled to met to judgment as a matter of law all right thank you i believe we have your argument thank you ma'am all right thank you